# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| State of South Carolina, | Case No. 9:24-5632-RMG |
| v. | |
| Demetrius J. Smalls, | **ORDER** |
| Defendant. | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending that Defendant's removal of his state criminal cases to federal court be summarily denied and remanded to the Charleston County Court of General Sessions. (Dkt. No. 10). The Magistrate Judge further recommended that Defendant be denied in forma pauperis status. (*Id*.) Defendant has filed objections to the R & R. (Dkt. No. 17).

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Discussion

The Magistrate Judge correctly concluded that the removal of a state criminal prosecution to federal court is permitted in only a narrow set of circumstances, none of which are present here. A removal of a state criminal prosecution is permitted where federal officers are prosecuted for acts performed in the course of their duties, 28 U.S.C. § 1442, a member of the armed forces of the United States is prosecuted for acts done under color of his office or status, 28 U.S.C. § 1442a, or a defendant asserts rights for racial equality under federal law in his state prosecution which cannot be enforced in state court, 28 U.S.C. § 1443. (Dkt. No. 10 at 6-9). Defendant asserts in his objections a number of alleged bases for federal jurisdiction, including the Vienna Convention on Consular Relations, the Universal Declaration of Human Rights prohibition against slavery, the Uniform Commercial Code and many others. (Dkt. No. 17). None of the asserted bases for federal jurisdiction have any merit.

The Court finds that the Magistrate Judge ably addressed the factual and legal issues in this matter and correctly concluded that there is no jurisdiction in federal court for Defendant's removed state criminal prosecution and that remand to the Charleston County Court of General Sessions is appropriate. The Court further agrees with the Magistrate Judge's recommendation that Defendant not be allowed to proceed in forma pauperis because of his previous "three strikes" determination and the absence of any reasonable showing of imminent danger. The Court adopts the R & R of the Magistrate Judge as the order of the Court and directs that this matter be promptly remanded to the Charleston County Court of Common Pleas.

**AND IT IS SO ORDERED.**

                                                                                      s/ Richard M. Gergel
                                                                                     Richard Mark Gergel
                                                                                     United States District Judge

March 5, 2025
Charleston, South Carolina